Filed 7/22/22  P. v. Chavez CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C094323 |
| Plaintiff and Respondent, | (Super. Ct. No. 05F07263) |
| v. | |
| HENRY CHAVEZ, | |
| Defendant and Appellant. | |

Defendant Henry Chavez is currently serving an indeterminate term of 300 years to life plus a 20-year determinate term.  On January 24, 2020, the Secretary of the California Department of Corrections and Rehabilitation (CDCR) recommended the trial court recall defendant's sentence (Pen. Code, § 1170, subd. (d))[1] and consider whether to strike his four serious felony sentencing enhancements (§ 667, subd. (a)(1)) in light of

---

[1] Further undesignated statutory references are to the Penal Code.

legislative changes authorizing discretion to strike the previously mandatory enhancement. (See Sen. Bill No. 1393 (2017-2018 Reg. Sess.) Stats. 2018, ch. 1013, §§ 1, 2.) Following the appointment of counsel, briefing, and a hearing outside defendant's presence,[2] the trial court declined to recall defendant's sentence.

Defendant appeals arguing: (1) he is entitled to retroactive application of Assembly Bill No. 1540 (2021-2022 Reg. Sess.) (Assembly Bill No. 1540), which moved the recall and resentencing provisions of section 1170, subdivision (d)(1) to newly created section 1170.03 and revised its terms (Stats. 2021, ch. 719, §§ 1-7); and, alternatively, (2) the trial court abused its discretion by failing to consider the CDCR's request in light of changes in the law and relevant postconviction factors. The Attorney General disagrees that Assembly Bill No.1540 applies retroactively, but agrees that the interests of justice and judicial economy support reversing the trial court's order and remanding the matter for further proceedings under section 1172.1 (former § 1170.03).[3]

Former section 1170, subdivision (d)(1), was originally enacted as " 'an exception to the common law rule that the court loses resentencing jurisdiction once execution of sentence has begun.' " (*People v. McCallum* (2020) 55 Cal.App.5th 202, 210, quoting *Dix v. Superior Court* (1991) 53 Cal.3d 442, 455.) Among other things, it was intended to provide a mechanism for recalling a defendant's sentence and resentencing him " 'at

---

[2] Section 1172.1 (former § 1170.03), subdivision (a)(8)'s recognition that a defendant may appear remotely suggests defendant had the right to appear. "Resentencing shall not be denied, nor a stipulation rejected, without a hearing where the parties have an opportunity to address the basis for the intended denial or rejection. If a hearing is held, the defendant may appear remotely and the court may conduct the hearing through the use of remote technology, unless counsel requests their physical presence in court." (*Ibid*.) However, we are not asked to address this issue and need not do so in order to resolve the issues on appeal.

[3] Effective June 30, 2022, section 1170.03 was renumbered section 1172.1, with no change in text. (Stats. 2022, ch. 58, § 10.)

any time upon the recommendation of the secretary' " or certain other parties. (*McCallum*, at p. 210.) Under that statute if a court elected to recall a sentence, it was required to "resentence the defendant in the same manner as if they had not previously been sentenced, provided the new sentence, if any, is no greater than the initial sentence." (Former § 1170, subd. (d)(1).) However, section 1170, subdivision (d)(1) did not impose any specific procedural requirements and was silent as to whether a trial court had to provide notice, a hearing, or appoint counsel before ruling on a recommendation from the CDCR. (*McCallum*, at p. 212; *Dix*, at p. 459.)

During the pendency of this appeal, the Legislature enacted and the Governor signed Assembly Bill No. 1540 into law which subsequently became effective on January 1, 2022. (Stats. 2021, ch. 719, § 3.1.) Assembly Bill No. 1540 created section 1170.03 (now section 1172.1), which includes the recall and resentencing provision of former section 1170, subdivision (d)(1) and added several requirements to the process. Most pertinent to this appeal, section 1172.1 provides that, where the CDCR Secretary submits a resentencing request, "[t]here shall be a presumption favoring recall and resentencing of the defendant, which may only be overcome if a court finds the defendant is an unreasonable risk of danger to public safety, as defined in subdivision (c) of Section 1170.18." (*Id*., subd. (b)(2).)

As noted above, the parties agree that this court should reverse and remand so that the trial court may reconsider the CDCR's recommendation by applying section 1172.1. We need not resolve the dispute regarding retroactivity here, as we agree that judicial economy warrants reversal and remand given that CDCR could simply submit a new recommendation letter, which would then be subject to the new law. As such, it would be a waste of judicial resources to decide this case under the old law.

Further supporting the need to reverse and remand this matter is this court's recent opinion in *People v. McMurray* (2022) 76 Cal.App.5th 1035, which held that Assembly Bill No. 1540 made " '*clarifying changes*' " to former section 1170, subdivision (d)(1).

(*McMurray*, at p. 1041.) "When a case involving such a clarifying amendment is on appeal, the appropriate resolution is to reverse and remand the matter for further proceedings in compliance with the amended legislation." (*Id.* at p. 1039, citing *Western Security Bank v. Superior* Court (1997) 15 Cal.4th 232, 253.) Accordingly, in *McMurray* we reversed and remanded to allow the trial court to "consider the CDCR's recommendation to recall and resentence defendant under the new and clarified procedure and guidelines of section 1170.03." (*McMurray*, at p. 1041.) The same remedy is appropriate here.

## DISPOSITION

The trial court's order denying the Secretary's recommendation is reversed and the matter remanded with directions to reconsider the request under newly enacted section 1172.1.


_____/s/_____
Duarte, J.


We concur:


\_\_\_\_\_/s/_____
Hull, Acting P. J.


\_\_\_\_\_/s/_____
Hoch, J.

4